THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT C. JORDAN, Appellant.— HERLIHY, J. Appeal from an order which denied the petitioner's application for a writ of error *coram nobis* without a hearing. The petition alleges that: In February of 1960 the petitioner, referred to herein as the appellant, while serving time on a prior conviction, voluntarily committed himself to the Binghamton State Hospital; on June 10, 1960 he escaped therefrom and on that date committed the crime for which he is presently jailed. He contends that at the time of the commission of the crime he was insane. In a subsequent memorandum of law he contends that a hearing

should be held on the issue of his sanity at the time of his plea and sentence. The record discloses that on June 17, 1960 he was committed to the hospital from which he had escaped, Binghamton State, for a mental examination pursuant to the pertinent sections of the Code of Criminal Procedure. Subsequently and by letter dated June 24, 1960, the Director of the said hospital notified the court that the examining psychiatrists found that the defendant was not suffering "from such degree of idiocy, imbecility or insanity as to be incapable of understanding the charge, the proceedings, or assisting with his defense" and enclosed the report for the court's attention. The appellant's brief states that at the time of the original conviction he was represented by counsel and that there was no objection taken to the admission of the psychiatric reports. In *People* v. *Hill* (9 A D 2d 451, 453, affd. 8 N Y 2d 935) the court held that assertions in the petition and in the attorney's supporting affidavit that the appellant was mentally incapacitated at the time of his trial and conviction would not constitute a proper basis for granting *coram nobis* as the trial court had the discretion of determining whether to order a mental examination and because of the presumption of regularity that attaches to the exercise of such discretion. In that case the said affidavits did not overcome the presumption of regularity but a hearing was granted on proper and sufficient papers where it was contended that the prisoner was mentally incapable of filing a notice of appeal during the limited time allowed by law for taking such action. Thereafter *People* v. *Boundy* (10 N Y 2d 518), *People* v. *Sprague* (11 N Y 2d 951) and *People* v. *Jones* (12 N Y 2d 1024) were decided. In each of those cases the issue raised by the petitioner was the question of his sanity at the time of the entry of his plea of guilty and sentencing, and there being some evidence of alleged insanity prior to the conviction, psychiatric reports were directed and were before the court, but it further appears that in each of these cases within a relatively short time after conviction, the defendant was the subject of actual mental treatment within the prison system. It may be implied, at least, from the present record that following the conviction in 1960 until February 18, 1966, the date of the application for the writ, the appellant was confined to prison and unlike the situations in the cited cases, received no psychiatric or other form of mental care or treatment. Under these circumstances the court was not required to grant a hearing. Order affirmed. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.; Brink, J., not participating.